RECEIVED
APR 2 0 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF LOUISIANA
Shreveport Division

**5:10cv0669**

JUDY R. JOHNSON,

                     Plaintiff,

Versus                                Civil Action No.

TRANS UNION, LLC,           **JURY DEMANDED**

                     Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, comes **JUDY R. JOHNSON**, Plaintiff in the above entitled and captioned matter, who respectfully prays for Judgment of this Honorable Court against defendant, as set forth in the following complaint, as follows:

### PLAINTIFF

1.

Plaintiff, **JUDY R. JOHNSON**, is a major domiciliary of Bossier City, Louisiana, and a victim of repeated false credit reportings caused by defendant.

### DEFENDANT

2.

Made Defendant herein is **TRANS UNION LLC**, which may also hereinafter be referred to as "**TRANS UNION**," a foreign corporation authorized to do and doing business in the State of Louisiana.

### JURISDICTION OF THE COURT and VENUE

3.

Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. **28 U.S.C. 1331.** Further, the matter in controversy exceeds **$75,000.00**,

exclusive of costs and interest and the parties to these proceedings are citizens of different states. **28 U.S.C. 1332.** Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. **28 U.S.C. 1367.** Venue is proper in this District as the Defendant resides in this judicial district. **28 U.S.C. 1391(b),(c).**

## REQUEST FOR TRIAL BY JURY

4.

Plaintiff requests a trial by jury.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

5.

Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendant under the provisions of the Fair Credit Reporting Act and/or states' laws, including Louisiana.

## REQUEST FOR COSTS OF LITIGATION AND ATTORNEYS' FEES

6.

Plaintiff respectfully requests that this Honorable Court award plaintiff her litigation expenses and other costs of litigation and reasonable attorneys' fees incurred in this litigation, in accordance with the provisions of the Fair Credit Reporting Act and/or other laws.

## GENERAL FACTUAL BASIS

7.

For a number of years, defendant has intertwined the credit and personal identification information pertaining to plaintiff with information belonging to one or more other consumers.

8.

This problem is known as a mixed credit file issue and is a known problem within defendant's credit reporting system.

9.

Plaintiff had repeatedly contested false information appearing in her credit files and reports leading up to February, 2008, when she engaged counsel to write defendant and other consumer reporting agencies to contest a large number of mixed file errors that appeared in consumer credit reportings prepared and published about plaintiff.

10.

In September, 2007, defendant sent plaintiff a copy of her credit report and the report contained a number of mixed file errors that appeared in consumer credit reportings prepared and published about plaintiff. Plaintiff promptly contested those errors to defendant.

11.

Defendant would claim to remove the false information yet it would reappear in plaintiff's credit reports and new mixed file data would also appear in reports.

12.

On February 3, 2008, plaintiff's counsel wrote defendant a lengthy, detailed letter regarding plaintiff and a number of errors that had appeared in consumer credit reportings prepared and published about plaintiff..

13.

Plaintiff has no derogatory credit references that belong to her. All of the derogatory credit references have been reported to defendant and other consumer reporting agencies however defendant improperly attributed the reported derogatory data to plaintiff.

14.

Defendant claimed to remove the contested, false information it had mixed and placed into plaintiff's credit record files and reports however defendant subsequently replaced the false information and added other false information to her credit record files and reports.

14.

On or about December 8, 2009, GE Money Bank considered plaintiff's credit application that she submitted to GE Money Bank, through its retail partner Belk's department store, and GE Money Bank accessed plaintiff's credit report from Trans Union and received an inaccurate, mixed credit file containing information about one or more other consumers but which was attributed to plaintiff by Trans Union.

15.

The Trans Union consumer credit report was replete with inaccurate and damaging credit data belonging to a different consumer and, based on that Trans Union consumer credit report, GE Money Bank denied credit to plaintiff.

16.

The subject credit denial was a consumer transaction.

17.

Plaintiff's legitimate credit and credit ratings are exceptional and excellent.

18.

False data, including collection and trade line reportings, inquiries, and personal identification data, and false credit scores and risk factors/denial codes have been repeatedly generated and provided by defendant to third party subscribers to its respective services, as shown in the inquiry logs in the credit reports of and concerning plaintiff.

19.

The false reportings caused plaintiff to suffer adverse action, personal and mental injuries, aggravation, embarrassment, mental anguish, inconvenience and other pecuniary and non-pecuniary damages.

20.

Despite diligent and costly efforts by plaintiff, her Trans Union consumer credit reports continued to contain the false and damaging information.

21.

Plaintiff is a consumer.

22.

Plaintiff has suffered damages due to the tortious and illegal actions or inactions directed at Plaintiff by Defendant.

23.

Defendant is a consumer reporting agency as defined in the Fair Credit Reporting Act. 15 U.S.C. 1681a.

24.

Defendant prepared, issued, assembled, transferred and otherwise reproduced consumer reports, regarding Plaintiff, as defined in the Fair Credit Reporting Act. 15 U.S.C. 1681a.

25.

Defendant maintains a contract with smaller affiliate bureaus and legal and contractual agents, wherein they share data and other assets.

26.

Defendant allows its credit reporting database, which takes in, warehouses, maintains and

manipulates data supplied by its subscribers, to be accessed by its affiliated bureaus and subscribers.

27.

Defendant has repeatedly reported false, negative information in the form of consumer reports and attributed said false, negative data to plaintiff.

28.

Plaintiff advised defendant, through its subscribers and directly, on multiple occasions, of the false data and demanded that the data be removed from its consumer reports and files of and concerning plaintiff.

29.

Defendant failed to properly reinvestigate plaintiff's disputes and continued to prepare and issue false consumer reports.

30.

Defendant willfully misrepresented information to plaintiff and further willfully concealed information from plaintiff.

31.

Without any basis whatsoever, defendant made a conscious decision to replace and leave the disputed, false data as attributable to plaintiff.

32.

Defendant took inadequate action to correct plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

33.

Likewise defendant failed to take necessary and reasonable steps to prevent inaccuracies

from entering plaintiff's credit file data and such false data continued to be reported as new consumer credit reports were prepared, issued and disseminated by defendant and relayed for further use, reliance and publication by their subscribers.

34.

Defendant failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the Fair Credit Reporting Act, which they compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluations.

35.

Defendant failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Plaintiff's consumer reports and as contained in their consumer reporting data bank, as required by the Fair Credit Reporting Act.

36.

Defendant has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about the Plaintiff which was inaccurate, false, erroneous and misleading despite notice from the plaintiff and furnishers that such information was inaccurate.

37.

Defendant, through its fault, as described herein, caused great and irreparable injury to Plaintiff herein.

38.

Defendant continuously reported false credit information about plaintiff despite clear information in their files which showed that it maintained one data file associated with plaintiff's real personal identifiers while it also maintained a second data file associated with at least one other consumer, with different personal identifiers, present in its data bank records.

## COUNTS

### COUNT 1 - NEGLIGENCE

39.

Defendant owed duties of reasonable care to plaintiff.

40.

Defendant failed to exercise reasonable care and prudence in the compilation of data, matching of credit data, use of proper inquiry formats, use of proper file combination methods, preparation of credit reports, and reinvestigation of disputes.

### COUNT 2 - PROPERTY DAMAGE and IMPAIRMENT OF CREDIT RATING

41.

Defendant has negligently, or alternatively with willful intent to injure or maliciously, damaged plaintiff's property rights in her credit reports and reputation and standing in the community.

### COUNT 3 - DEFAMATION

42.

Defendant recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

43.

Defendant's publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress and mental anguish to plaintiff.

44.

Defendant was notified of inaccuracies by plaintiff however, the defendant continued to issue and/or publish report(s) to third parties which contained inaccurate information about Plaintiff.

45.

Defendant has, with willful intent to injure and/or maliciously, defamed Plaintiff.

### COUNT 4 - INFLICTION OF EMOTIONAL DISTRESS

46.

Defendant has caused plaintiff to suffer emotional distress and mental anguish. Defendant has negligently or, alternatively, with willful intent to injure or maliciously, caused plaintiff to suffer emotional distress and mental anguish by marring her credit reports, reputation and standing in the community.

### COUNT 5 - INJUNCTIVE RELIEF

47.

Defendant, through its actions, inactions and fault, as described herein, caused great and irreparable injury to Plaintiff.

48.

Plaintiff is entitled to an order commanding the defendant to reinvestigate and correct the credit reportings and other information maintained and published about plaintiff.

## COUNT 6 - FAIR CREDIT REPORTING ACT, 1681e[b]

49.

Defendant failed to adopt and follow "reasonable procedures" to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the Fair Credit Reporting Act, which they compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluations.

50.

Defendant has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about the Plaintiff which was inaccurate, false, erroneous and misleading despite notice from the plaintiff and subscribers that such information was inaccurate.

51.

Defendant has willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681e[b], on multiple occasions.

## COUNT 7 - FAIR CREDIT REPORTING ACT, 1681i[a]

52.

Plaintiff advised Defendant, through its subscribers and directly, on multiple occasions, of the false data and demanded that the data be removed from her consumer reports and data files.

53.

Defendant failed to properly reinvestigate plaintiff's disputes and defendant continued to prepare and publish false consumer reports.

54.

Defendant chose to leave disputed, false data as attributable to plaintiff.

55.

Defendant failed to use reasonable procedures to reinvestigate plaintiff's disputes and, likewise, took inadequate action to correct plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

56.

Defendant failed to take necessary and reasonable steps to prevent further inaccuracies from entering plaintiff's credit file data and such false data continued to be posted as new consumer credit reports were prepared, issued and disseminated by defendant and relayed for further use, reliance and publication by its subscribers.

57.

Defendant failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on plaintiff's consumer reports and as contained in their consumer reporting data bank, as required by the Fair Credit Reporting Act.

58.

Further, defendant sent alleged reinvestigation results to plaintiff which evidenced its decision to merely mimic its furnishers' alleged replies to the inadequate alleged reinvestigations by defendant.

59.

Defendant has willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681i[a], on multiple occasions.

## ADDITIONAL ALLEGATIONS

60.

The above and foregoing actions, inactions and fault of defendant, as to each and every count, proximately caused a wide variety of damages to plaintiff.

61.

Defendant's false credit reporting about plaintiff have been a substantial factor in causing adverse action and other damages.

62.

Defendant has negligently and/or willfully violated various provisions of the Fair Credit Reporting Act and are thereby liable unto plaintiff.

63.

Defendant is liable unto plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, adverse action, costs and time of repairing her credit, pain and suffering, aggravation, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, personal and mental injuries, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE PLAINTIFF, JUDY R. JOHNSON, PRAYS** that after all due proceedings be had there be judgment herein in favor of Plaintiff and against Defendant, as follows:

1) That there be Judgment in favor of **JUDY R. JOHNSON** and against **TRANS UNION LLC**, for all reasonable damages sustained by Plaintiff including but not limited to actual damages, compensatory damages, out-of-pocket expenses, adverse action, costs and time of repairing her credit,

pain and suffering, aggravation, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, personal and mental injuries, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid; and

2) That this Honorable Court order **TRANS UNION LLC**, to reinvestigate and correct the credit report(s), data emanations, and credit histories of and concerning Plaintiff or any of plaintiff's personal identifiers.

FURTHER, Prays for all such additional, general and equitable relief as may be necessary and proper in the premises.

Respectfully submitted,

**Bodenheimer, Jones & Szwak, LLC**

By: _____
**David A. Szwak, La.BR #21157, TA**
416 Travis Street, Ste. 1404
Mid South Tower
Shreveport, Louisiana 71101
(318) 424-1400
FAX  221-6555
**Counsel for Plaintiff**