UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JUDY R. JOHNSON | CIVIL ACTION NO. 10-669 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TRANS UNION, LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Dismissal (Record Document 6) filed by Defendant Trans Union, LLC ("Trans Union"). Trans Union moves for dismissal of Plaintiff Judy R. Johnson's ("Johnson") request for injunctive relief. See id. Johnson opposed the motion. See Record Document 7. For the reasons set forth below, the Motion for Partial Dismissal is **GRANTED**.

**BACKGROUND**

Johnson brings various Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and state law claims against Trans Union. See Record Document 1. She alleges that Trans Union reported false and inaccurate information on her credit reports and failed to correct those inaccuracies, even after notification and reinvestigation of the disputes. See id. Trans Union argues that Johnson's claims for injunctive relief are barred by the FCRA and should be dismissed with prejudice.

**LAW AND ANALYSIS**

I. **Rule 12(b)(6) Standard.**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the

plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court recently expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009).

**II.     Claim for Injunctive Relief.**

The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). The parties do not dispute that Trans Union is a consumer reporting agency, as defined by the FCRA. See 15 U.S.C. § 1681 a(f).

Here, Johnson seeks injunctive relief against Trans Union. However, the Fifth Circuit has unequivocally stated that private litigants may not seek injunctive relief against consumer reporting agencies. See Washington v. CSC Credit Services Inc., 199 F.3d 263, 268 (5th Cir. 2000) ("Congress vested the power to obtain injunctive relief solely with the FTC."). Private litigants such as Johnson are restricted to the remedies set forth in Sections 1681n and 1681o of the FCRA. Such remedies include statutory, actual, and

punitive damages, as well as attorney's fees. See 15 U.S.C. §§ 1681n, 1681o. "Conspicuously absent is the availability of injunctive or equitable relief." Poulson v. Trans Union, LLC, 370 F.Supp.2d 592, 593 (E.D. Tex. 2005). Johnson's claims for injunctive relief are, therefore, dismissed with prejudice.

Johnson also argues that the FCRA does not preempt state law injunctive relief. "However, FCRA preempts state laws to the extent those laws are inconsistent with FCRA." Id., citing 15 U.S.C. §§ 1681t(a). Thus, even if Johnson could, as a matter of Louisiana law, bring a claim for injunctive relief, her claim would be dismissed because the present case involves FCRA claims and the FCRA prohibits private litigants from seeking injunctive relief.

## CONCLUSION

The Court concludes that Johnson's claims for injunctive relief are barred by the FCRA. Additionally, any state law claim for injunctive relief is preempted by the FCRA. Accordingly, Trans Union's Motion for Partial Dismissal is **GRANTED** and Johnson's claims for injunctive relief are **DISMISSED WITH PREJUDICE**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of December, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE